MEMORANDUM **
John Wise, a Washington state prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging prison officials violated his First and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per cu-riam) (reviewing summary judgment); Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985) (reviewing decision on mootness). We may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992). We affirm.
The district court properly granted summary judgment on Wise’s First Amendment claim because Wise did not raise a genuine issue of material fact regarding the prison’s legitimate penological interest in preventing inmates from sending state issued, un-caneelled stamps out of the prison. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (stating that a prison may adopt regulations that infringe on an inmate’s constitutional rights if they are reasonably related to legitimate penological interests).
The district court properly granted summary judgment on Wise’s retaliation claim because Wise provided no evidence that his placement in segregation was due to his complaints about secondhand smoke or that the defendants’ actions did not serve a legitimate penological goal. See Barnett, 31 F.3d at 816 (affirming summary judgment where the prisoner failed to present evidence that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals). Moreover, Wise admitted in his verified complaint that he was placed in segregation for refusing a cell assignment.
The district court properly granted summary judgment on Wise’s Eighth Amendment claim because the undisputed evidence shows that Wise was not denied access to the prison yard for an extended period of time. See May v. Baldwin, 109 *480 F.3d 557, 565 (9th Cir.1997) (stating that a temporary denial of outdoor exercise with no medical effects does not violate the Eighth Amendment).
The district court did not abuse its discretion by denying Wise’s motion to appoint counsel because the case did not present exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004).
The district court did not abuse its discretion by denying Wise’s motion for additional discovery because Wise did not show that additional discovery would uncover specific facts which would preclude summary judgment. See Maljack Prods. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.1996).
The district court did not abuse its discretion by denying Wise’s motion to amend his complaint because Wise did not file a proposed amended complaint or otherwise provide sufficient details so that the district court could determine whether the amendment would be appropriate. See Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1330 (9th Cir.1996) (“Leave to amend is entrusted to the sound discretion of the trial court and will be reversed only when such discretion has been abused.”).
The district court properly deter: mined that Wise’s request for injunctive relief was moot because Wise was transferred from the prison units described in his complaint. See American Casualty Co. v. Baker, 22 F.3d 880, 896 (9th Cir.1994) (stating that a case is moot if there is no “present controversy as to which effective relief can be granted”).
Wise’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.